UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN DEGRAVE, an individual d/b/a POWERSUPPS, et al,<br><br>Defendants. | Case No.: 17-CV-843-WQH-WVG<br><br>**ORDER GRANTING MOTION TO CONDUCT DISCOVERY ON DAMAGES**<br><br>**[ECF NO. 6]** |

## **I. INTRODUCTION**

Presently before the Court is Plaintiff Nutrition Distribution LLC's *ex parte* Motion to Conduct Discovery on Damages. (ECF No. 6.) Defendants did not file an Opposition to the Motion. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

## **II. BACKGROUND**

On April 25, 2017, Plaintiff filed a Complaint alleging the false advertising of Defendant's prohormone products in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). (ECF No. 1.) On June 5, 2017, the Clerk of the Court entered an Entry of Default against Defendants based on their failure to plead or otherwise defend in this action as directed by the Summons and as provided for by the Federal Rules of Civil Procedure.

(ECF No. 5.) Plaintiff now seeks leave to conduct discovery on the limited issue of damages pursuant to the Entry of Default.

## II. LEGAL STANDARD

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure. Rule 26 provides in pertinent part that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion in granting or denying discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant").

Generally, Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Courts apply a "good cause" standard in considering motions to expedite discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *In re Countrywide Fin.Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Semitool*, 208 F.R.D. at 276.

Good cause for expedited discovery is frequently found in cases in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages. *See Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007); *Twitch Interactive, Inc. v.* Johnston, No. 16-CV-03404, 2017 WL 1133520, at *4 (N.D. Cal. 2017); *Adobe Sys. Inc. v. Max Bunhey, et al.*, No. 131365, 2013 WL 12140304, at *2 (C.D. Cal. Oct. 29, 2013).

On June 5, 2017, default was entered against Defendants for failing to plead or otherwise defend in this action. Plaintiff claims, and the Court agrees, a plaintiff may recover defendant's profits, any damages sustained, and the costs of the action in false advertisement claims made pursuant to the Lanham Act. *See* 15 U.S.C. § 1117(a). In this Motion, Plaintiff seeks discovery from payment gateway services and financial institutions of Defendants, one of which is Paypal. (ECF No. 6-1 at 3:18-4:2.) However, since Defendants have refused to participate in this action, Plaintiff cannot conduct traditional discovery.

Accordingly, the Court finds that Plaintiff has established good cause to warrant expedited discovery in this matter in order to support an anticipated motion for entry of default judgment and claim for damages. *Semitool, Inc.*, 208 F.R.D. at 276.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's *ex parte* Motion. Plaintiff may seek immediate discovery of information sufficient to identify Defendants' profits derived from sales of prohormone products from Defendants' electronic gateway services and financial institutions ("Third-Party Entities").

It is further **ORDERED** that Plaintiff must serve a copy of this order on Third-Party Entities when discovery is served. Third-Party Entities that wish to file a motion to quash a subpoena or to serve objections, must do so before the return date of the subpoena, which shall be no less than twenty-one (21) days from the date of service of the subpoena. The Third-Party Entity may use this time to attempt to notify the subscriber in question. Third-Party Entities shall preserve any subpoenaed information or materials pending compliance

with the subpoena or resolution of any timely objection or motion to quash.

**IT IS SO ORDERED**.

Dated: September 7, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge

4

17-CV-843-WQH-WVG